Plaintiff appealed from judgment rejecting his suit, to recover the sum of $206.20 for services rendered defendant as carpenter, painter, etc., during the year 1940. Defendant admits rendition of the services as alleged, but pleads payment therefor. By this plea the burden of proving payment by a preponderance of the testimony rested upon the defendant. The trial judge held that this burden had been discharged.
Defendant is engaged in the business of erecting, repairing and renovating buildings in the City of Shreveport. During the year 1940 he procured many contracts to do such work and, to execute same, as was his custom, sublet certain units of the work to plaintiff and other persons engaged in this line of business. He had an unusually large amount of repair work to do following the destructive storm which passed through the western part of the city in March, 1940.
Plaintiff, also on his own account, procures contracts involving repair work to and renovation of buildings, etc.
During the months from April to November, 1940, the value of services rendered to defendant by plaintiff was over $3,000. Plaintiff was credited on account after completion of each sub-contract, with the amount due him. There is no dispute as regards the number of jobs for which credit was given, nor the amount in each instance, due therefor.
Plaintiff sued for amounts allegedly due him under ten different subcontracts, ranging from $12.05 to $65, and aggregating $226.20, but gives credit for $20. Defendant's records, including account filed in evidence, disclose that plaintiff has been overpaid. He was not paid invariably in amounts equal to that which was due him under each contract. Payments were ofttimes delayed and frequently consisted of amounts due him under more than one contract.
Defendant was unable to produce the various checks issued to plaintiff in payment of his services for the period involved, which were charged to him, as the same had been lost or misplaced, but the bank ledger sheets filed in evidence for the period contain debits against defendant's account which, in the main, correspond to the amounts with which plaintiff was charged.
The account filed by defendant is substantiated by the testimony of his wife. Defendant, in a general way, corroborated his wife's testimony. To her was entrusted the keeping of the account and looking after details thereof.
Defendant charged plaintiff with $51.25 to cover labor and material furnished him on what is referred to as the "Jubilee Inn" job. Plaintiff had a contract to perform this work and furnish the material, but defendant, at plaintiff's request, allowed some of his own workmen to assist plaintiff in completing the work, and also furnished him some or all of the materials therefor. Plaintiff testified that the charge is incorrect and contends that he himself paid the workmen. He is flatly contradicted on this score by defendant, who is corroborated by one of the workmen who testified that defendant paid him for his services and that he saw defendant pay the other workmen. On this item the proof clearly preponderates in favor of defendant.
A very strong circumstance that weighs against plaintiff arises from the fact that he contracted with defendant in June, 1940, to erect him a residence at a cost of about $2,800. The work was completed about the last of that month and plaintiff paid defendant the full contract price. Prior to this date plaintiff had rendered the services for which he sues. He did not then insist that credit therefor on the price of the building be given him. It is rather singular that he did not do so. He testified, however, that at that time or soon thereafter, in the presence of himself and his wife, defendant acknowledged owing the amounts for which sued and promised to pay same. Defendant positively denies any such conversation or admission. Plaintiff's wife was not called as a witness to testify in support of this alleged conversation. The situation, it seems to us, was such that he should have introduced his wife as a witness. His failure *Page 557 
to do so raises an inference against the verity of his position.
This case involves only a question of fact. We find ourselves in accord with the lower court's ruling thereon and, therefore, affirm the judgment from which appealed.
HARDY, J., is recused.